UNITED STATES DISTRICT Court

FILED 2 NOV '22 10:24 USDC-ORP

FOR THE DISTRICT OF OREGON

6:22-cv-01712-SB

RONNIE SMITH
            plaintiff,

CASE NO. ____

VS     CRAIG Prins, In his individual
            Capacity,
       C/O Drummet, in his individual
            Capacity
C/O K, ENGLES, in his individual
Capacity, Lt. S Brown, in her individual
Capacity, C/o BASARABA, in his individual
Capacity, C/O Teal, in his individual capacity,
Lt. MCGARTH, in his individual Capacity,
C/o Blanco, in his individual capacity,
Corey Fthere, in his individual capacity
BRANDON KELLY, in his individual Capacity,
C/o marTIN, In his Individual capacity,
C/o M. GRIGORYEV
to Leopard, in his individual capacity,

COMPLAINT

1983

A. Kidwell, in his individual Capacity,
Hearing Officers, GoldDEE, STEPHEN, and Foss in their individual
CAPACITY, Assistant Inspector General Jeremy NOFfzer, in his
individual Capacity, ODOC, In it's official capacity,
JANE and John DOE in their Individual capacity
            Defendants.

Pg 1 OF 18

# Introduction:

1. This is a civil Rights action Filed by
Plaintiff, Ronnie Smith, a state
prisoner For damages and injunctive
Relief under 42 USC 1983 FOR
violations of plaintiff's Constitution
rights and state Law.

## Jurisdiction:

2. The Court has supplemental jurisdiction
over plaintiff's claims that are
state Law TORT claims under
28 USC 1367. Under 28 USC 1331,
and 1343 It is Authorized.

Pg 2 oF

# PARTies:

1. ODOC is a defendant in it's official capacity

2. Brandon Kelly is a defendant Ex-Superintendent For OSP in his individual capacity.

3. C/O Teal an officer for OSP in his Individual capacity. defendant

4. C/o Martin is an Ex-C/o at the time of incident in his individual capacity defendant

5. Corey Fhuere active Superintendant In his Individual capacity as defendant

6. C/o Blanco in his individual capacity as defendants

7. Hearing officer, Goldee, in his individual capacity as defendant;

8. Hearing officer, Ronnie Foss, in her individual capacity as defendant;

9. Hearing officer, M. Stephen, in his individual capacity as defendant.

pg 3 of 9 II

10. Lt. Megarth in his individual capacity as defendant,

11. Inspector General, John Doe, in his individual capacity as defendant,

12. ~~c/o Leopard~~ c/o M. Grigoryev, in his individual capacity as defendant,

13. Assistant Inspector General, Jeremy Nofziger, in his individual capacity as defendant,

14. John and Jane Doe in their individual capacity as defendants.

15. Lt. Brown in her individual capacity as defendant

16. C/O Barabtoa in his individual capacity as defendant,

17. K. Engles in his individual capacity as defendant,

18. Lt. Porter in her individual capacity as defendant,

Pg 4 of 9

FACTS:

Pg 5 of 9

1. On 10-22-20, I was placed in (DSU) with unproven liquid substance that the JANE Doe defendant wrote me a Misconduct report the substance was never Bagged and sent to the LAB in Accordance with Rule 1.10.03 I was incarcerated in the DSU For at least 30 Days. ~~John Doe~~ C/o teal defendant wrote another Misconduct report again Totallying 44 days hearing officer

Defendant Goldee violated Plaintiffs
rights by denying due process
Defendant Brandon Kelly Approved
this Sanction.

2. On 11-12-20, Plaintiff was in DSU and
written a misconduct Report by Defendant
C/o teal claiming he was going to test the
cleanser juice which he found on my
cell, when he returned defendant c/o teal
said he tested it and it was good defendant
Goldee dismissed the Contraband I
Rule 1,10.01 charge because the charge
got dismissed defendants' c/o teal and
Lt. Mcgarth Conspired to deprive
Plaintiff by placing Plaintiff on a deprivation
List where Plaintiff could not get Containers
to use For Milk, Soup, Sugar, Fruit and
Peanut Butter based on an unproven
Pg 6 of 18

allegation and defendant c/o Blanco
followed this order by depriving me
a low CALORIE Diet which caused (SEE
Me hARM by Depriving me off (Exhibit
A1, A2)
the necessary CALories Per Day
I spent over 2 weeks over there.

On * Defendant Brandon Kelly Approved
the misconduct violation A. Kidwell denied
3, On 3-31-21 defendant BA scraba the grievance
violated plaintiffes right by not
testing the product instead Falsly
imprisoned plaintif Hearing officer
Ronnie Foss Defendant Found plaintiff
Guilty and assistant Jeremy Nofzier
defendants Approved the violation
& of the unproven product,
BRANDON                    SEE Exhibit B pg 4 of 4
Kelly

4, On 7-2-21 c/o M. Grigoryev defendant
wrote another Misconduct
Based on the Same Unproven
claim which they circumvented
(Exhibit the Rule 1.10-03 Defendant
C) Lt. Brown Approved this transaction
defendant Brandon Kelly Approved this,
5. On 9-16-21 defendant Engle also,
Confiscated another bag of
Unproven claim which the
Process was Circumvented
the Rule 1.10.03 Defendant
Lt. Porter Approve this process
defendant Stephens Approved
this transaction. Plaintiff did (Exhibit
a total of 150 Days For both  D
of these violations  Defendant Brandon
Kelly Approved this
6. ODOC officers have a policy
Practice and Custom of circumventing
the testing procedure necessary

6, On APRIL 28, 2022, Sgt. Dudley wrote me a misconduct Report over the same unproven liquid substance when plaintiff told him that this was not "pruno" defendant Dudley still wrote me up even after I asked to submit to a U.A. The hearing officer defendant ~~Stephen~~ BONNIE FOSS agreed and sanctioned plaintiff to 60 more days the Assistant Inspector general Jeremy Nofzer agreed this violated my 14 amendment and Freedom of Movement, and 9 extortion

EXHIBITE    A, Pg 9 of 15

7. On 8-20-22, Plaintiff went          Pg 10 of 18

to OSU For an unproven liquid

Substance and told defendant

C. Drummett, That it is not

an Intoxicant and that it is

only Juice. I was Cuffed and

went to OSU. During the Hearing defendant

Officer Stephens defendant Found

me guilty with a $100 Fine

plaintiff appealed the ~~Attorney~~ INSPECTOR

General Craig ~~Prim~~ who also

Affirmed through defendant Assistant

Inspector General Jeremy Noffzer

in violation of Plaintiff's due Process

and Freedom of Movement, the
defendants have a policy, practice,
and custom of denying Plaintiffs
Due Process Rights to test the
product in accordance with
the Authorize screening process
In Rule 1.10.03 which cufumatively
restrict Freedom of Movement
and extort a Fine without Proving
it is an "intoxicant" in accordance
with Rule 1.10.01, SEE Exhibit E

9. On October 2, 2022, Plaintiff sent a Kite
to STU explaining the reason for the
Juice and why the department does not

PG 11 OF 18

Use the Authorized process

For the Department to test

the product for "Intoxicant"

and circumvent this process

in favor of an unproven

Allegation which create @DOC

Policy, practice, and custom

of Not testing a product and

being served a Misconduct Report

Which is a false Report defendant

CRAig PRimms Inspector General Answered

the ATC Communication which

Demonstrates Non-Compliance. Exhibit FF-1

8. ODOC officers have a policy, practice, and custom of circumventing the testing procedure necessary to prove Rule 1.10.01 "Possess any Intoxicant" this same process has been used for testing of Drugs 1.15 in the Department-Authorized screening process Rule 1.10.03

Relief Requested:

A. Issue a declaratory Judgment stating: That: 1. All of the Above named defendants violated plaintiffs constitutional Rights and state law

2. Defendants failure to Correct their procedure when dealing with Liquid substances and testing it

Pg 13 of 18

B. Issue Injunction ordering
   defendants:

   1. Immediate release plaintiff
      from STM LOP

   2. Expunge Record compensate
      Fines. taken from plaintiff

   3. Release plaintiff from
      DSU

   4. Stop extorting Plaintiff's
      Money VIA Fine.

C. Award compensatory DAMAGES:

   1. Jointly and severally against
      all defendants stated in this
      complaint for the deprivation
      of my Liberty, calories, and
      amenities resulting from

Pg 14 of 15

their denial of due process in connection with the disciplinary proceedings.

D. Award punitive Damages:

1. In an amount proven at trial.

Dated: 10-28-22

Respectfully Submitted

Ronnie Smith

Plaintiff, PRO SE

Pg 15 of 15

Grievance # OSP-2020-12.025

Official Use Only | Resubmit

## GRIEVANCE FORM

Name: Smith  Ronnie  _____  9657895~3  SG-534~

Last | First | Initial | SID# | Cell/Block/Bunk #

Whom are you grieving: Department of Corrections et. al. - Misapplication

Please provide the date/time of incident giving rise to grievance: 11-18-20, ongoing of Departments policy, Rules

List in detail all the reasons for your grievance. (What is the problem? When did it happen – date/time/place?) Attach copies of any documents or any material(s), which support your grievance, including the names of any persons you think should be questioned.

I was found guilty of contraband
and what I am grieving is the lack of
testing the evidence when specifically
110.03 has a screening process such as
urinalysis, breathalyzer, oral swabs etc.
which means they have the resource
to test but they circumvent that process
by taking a picture and having an ID Qualified
officer states in his opinion it's "pruno" because
What I make is a cleansing juice to clean my
colon and all the toxican in my body but I always
add vingar which when it ferments it creats vingar
not alchol they can at the very least test the ingredients
for vinegar to determine that it is not an "intoxicant"

Describe what action you want taken to resolve the grievance. (How can the problem be solved?)
Use the resources you have in place
such as taking the evidence to the Lab
and at the very least test it for vinegar

Date: 11-26-20

Signature: Ronnie Smith

| Receiving Facility (If not processing facility) | Received at Processing Facility | Accepted/Denied/RFC | Accepted/Denied/RFC |
|---|---|---|---|
| | RECEIVED DEC 01 2020 OSP/MCCF GRIEVANCE OFFICE | DENIED DEC 11 2020 OSP/MCCF GRIEVANCE OFFICE | |
| Date Stamp | Date Stamp | Date Stamp | Date Stamp |

Exhibit A

## 1.0 Violations Involving Property

**1.01 Arson:** An AIC commits arson when that AIC starts an unauthorized fire or causes an explosion.

**1.05 Property I:** An AIC commits Property I when that AIC, except as authorized by an employee, destroys, abuses, alters, damages, defaces, misuses, tampers with, or wastes materials or property, or fails to properly protect or produce issued property in a timely manner; and:

**1.05.01** The State-owned or employee-owned property involved exceeds $100 in value; or

**1.05.02** The misconduct involves the functioning of a security device; or

**1.05.03** The misconduct involves a threat to the safety, security, or orderly operation of a facility; or

**1.05.04** The misconduct includes possession of an unauthorized or altered blade, such as a razor blade or pencil sharpener.

**1.06 Property II (minor violation):** An AIC commits Property II when that AIC, except as authorized by an employee, destroys, alters, abuses, damages, defaces, misuses, tampers with, or wastes materials or property, or fails to properly protect or produce issued property in a timely manner.

**1.10 Contraband I:** An AIC commits Contraband I when that AIC:

**1.10.01** Possesses any intoxicant or is intoxicated; or

**1.10.02** Possesses any drug paraphernalia; or

**1.10.03** Has gone through any authorized screening process such as urinalysis, breathalyzer, oral swabs, etc. and has been found to have any controlled substance or intoxicant in urine, blood, or other body parts; or

**1.10.04** Fails to provide or refuses to submit an acceptable urine sample for testing or submits an unacceptable sample for testing; or

**1.10.05** Alters, substitutes, contaminates, or destroys a urine sample; or

**1.10.06** Possesses money in the amount of $10 or more (this excludes trust account funds); or

**1.10.07** Possesses illegitimately obtained property or trust account funds valuing $100 or more.

**1.11 Contraband II:** An AIC commits Contraband II when that AIC possesses contraband, including that listed in Contraband I and Contraband III that creates a threat to the safety, security, or orderly operation of a facility, including but not limited to:

**1.11.01** Tobacco or smoking paraphernalia, unauthorized medication, items of barter, checks, money under $10, or unauthorized sexually explicit material; or

**1.11.02** Items that were obtained by threats of or actual theft, forgery, or coercion.

**1.12 Contraband III (minor violation):** An AIC commits Contraband III when that AIC possesses contraband, including that listed in Contraband I and Contraband II, or un-cancelled stamps, expired self-medication, legal material belonging to another AIC, or property in excess of that authorized.

**1.15 Drug Possession:** An AIC commits Drug Possession when that AIC possesses a controlled substance.

**1.20 Possession of Body Modification Paraphernalia:** An AIC commits Possession of Body Modification Paraphernalia when that AIC possesses items capable of being used in body modification, including but not limited to, motors, needles, and ink.

**1.25 Unauthorized Use of Information Systems I:** An AIC commits Unauthorized Use of Information Systems I when that AIC operates or uses any information system equipment (including terminals, personal computers, tablet computers, minicomputers, work stations, controllers, printers, copiers, fax machines, or phones) if the usage exceeds the conditions of use or access granted by the Director, functional unit manager, or designee in the following manner:

**1.25.01** To send, receive, or read messages or e-mails, access the Internet, or access any employee-only programs or computer systems; or

**1.25.02** To conduct illegitimate business activity; or

**1.25.03** To do unauthorized legal work.

**1.26 Unauthorized Use of Information Systems II:** An AIC commits Unauthorized Use of Information Systems II when that AIC operates or uses any information system equipment (including terminals, personal computers, tablet computers, minicomputers, work stations, controllers, printers, copiers, fax machines, or phones) if the usage exceeds the conditions of use or access granted by the Director, functional unit manager, or designee in the following manner:

**1.26.01** To prepare a letter or other unauthorized document; or

**1.26.02** To make copies, view video, or listen to audio files for personal use; or

**1.26.03** To use the phone, Video Interactive Phone system, or any incentive level electronic device in excess of, or outside, the parameters permitted under the Department's rules.

## 2.0 Violations Against Persons

**2.01 Staff Assault I:** An AIC commits Staff Assault I when that AIC:

**2.01.01** Causes physical injury to or commits a physical attack on an employee, public safety officer, or non-employee service provider; or

**2.01.02** Causes bodily fluids (human or animal) to come in contact with an employee, public safety officer, or non-employee service provider; or

**2.01.03** Commits a physical attack on an employee, visitor, public safety officer, or non-employee service provider and uses a dangerous or deadly weapon; or

**2.01.04** Harms or endangers the well-being of an animal in the care and custody of DOC or used to conduct DOC affairs; or

**2.01.05** Refuses to stop any assaultive behavior after being ordered to do so, which necessitates an employee to use physical force to stop the behavior and which results in employee injury.

**2.02 Staff Assault II:** An AIC commits Staff Assault II when that AIC commits a physical attack on an employee, public safety officer, non-employee service provider, or animal in the care and custody of DOC.

**2.03 Assault of a Member of the Public:** An AIC commits Assault of a Member of the Public when that person commits a physical attack, endangers the well-being of, or causes bodily fluids (human or animal) to come in contact with any person or animal who is not an employee, a non-employee service provider, AIC in the care and custody of DOC, or an animal in the care and custody of DOC.

**2.05 AIC Assault I:** An AIC commits AIC Assault I when that AIC:

**2.05.01** Causes serious physical injury to another AIC or causes injury to another AIC that requires transporting the AIC to an outside agency for medical care; or

**2.05.02** Causes physical injury to another AIC and uses a dangerous or deadly weapon; or

**2.05.03** Commits a unilateral attack in a location or under circumstances that create a threat to the safety, security, or orderly operation of a facility; or

**2.05.04** Refuses to stop assaultive behavior after being ordered to do so which necessitates an employee to use physical force to stop the assaultive behavior; or

**2.05.05** Causes bodily fluids (human or animal) to come in contact with another AIC.

**2.06 AIC Assault II:** An AIC commits AIC Assault II when that AIC:

**2.06.01** Commits a unilateral attack or is involved in a mutual fight that causes physical injury to another AIC; or

**2.06.02** Is involved in a mutual fight in a location or under circumstances that create a threat to the safety, security, or orderly operation of a facility.

**2.07 AIC Assault III:** An AIC commits AIC Assault III when that AIC commits a unilateral attack or is involved in a mutual fight with another AIC.

**2.10 Disrespect I:** An AIC commits Disrespect I when that AIC directs hostile, sexual, abusive, or threatening language or gestures (verbal or written) toward or about another person that involves racial, religious, or sexual harassment or a physical threat to the other person.

**2.11 Disrespect II:** An AIC commits Disrespect II when that AIC directs hostile, sexual, abusive, or threatening language or gestures (verbal or written) toward or about another person, in a manner or circumstances that create a threat to the safety, security, or orderly operation of a facility.

**2.12 Disrespect III (minor violation):** An AIC commits Disrespect III when that AIC directs hostile, sexual, abusive, or threatening language or gestures (verbal or written) toward or about another person.

**2.15 Extortion I:** An AIC commits Extortion I when that AIC compels or induces any person, who is not an AIC, to act or refrain from acting, by threats, force, or intimidation.

**2.16 Extortion II:** An AIC commits Extortion II when that AIC:

**2.16.01** Compels or induces another AIC to act or refrain from acting by threats, force, or intimidation; or

**2.16.02** Compels or induces an employee to act, to refrain from acting, or to refrain from performing a job duty through use of demands.

**2.20 Sexual Assault/Abuse:** An AIC commits Sexual Assault/Abuse when that person engages in sexual activity and the victim does not

EXHIBIT A

Grievance # _OSP-2020-12.025_

*Official Use Only*                    *Resubmit*

**GRIEVANCE FORM**

Name: _Smith    Ronnie    S._    _93789953_    _SG-226_
Last        First        Initial        SID#        Cell/Block/Bunk #

Whom are you grieving: _Department of Corrections et. al. - Misapplication_
_of Departments_
_policy, rules._

Please provide the date/time of incident giving rise to grievance: _11-12-20 on going_

List in detail all the reasons for your grievance. (What is the problem? When did it happen – date/time/place?) Attach copies of any documents or any material(s), which support your grievance, including the names of any persons you think should be questioned.

_I was found guilty of Contraband I_
_and what I am grieving is the lack of_
_testing the evidence when specifically_
_1,10.03 has a screening process such as_
_Urinalysis, Breathalyzer, oral swabs, etc._
_which means they have the resourses_
_to test but they circumvent that process_
_by taking a picture and having an Unqualified_
_officer states in his opinion its "pruno" because_
_what I make is a Cleansing juice to clean my_
_colon and all the toxican in my body but I always_
_add vinegar which when it ferments it creats vingar_
_not Alchol they can at the very least test the ingredients_
_for vinegar to determine that it is not an "intoxicant"_

Describe what action you want taken to resolve the grievance. (How can the problem be solved?)

_Use the resourses you have in place_
_such as taking the evidence to the Lab_
_and at the very least test it for vinegar_

_11-26-20_
Date

_Ronnie Smith_
Signature

| Receiving Facility (If not processing facility) | Received at Processing Facility **RECEIVED** DEC 0 1 2020 OSP/MCCF GRIEVANCE OFFICE | Accepted/Denied/RFC **DENIED** DEC 11 2020 OSP/MCCF GRIEVANCE OFFICE | Accepted/Denied/RFC |
|---|---|---|---|
| Date Stamp | Date Stamp | Date Stamp | Date Stamp |

_Exhibit A_

consent, is unable to consent or refuse consent, or is coerced into such activity by expressed or implied threats of violence.

**2.25 Sexual Harassment:** An AIC commits Sexual Harassment when that AIC:

    **2.25.01** Makes repeated and unwelcomed sexual advances or requests for sexual favors; or

    **2.25.02** Makes repeated and unwelcomed verbal comments, gestures, or actions of a derogatory or offensive sexual nature, directed toward or about another, including demeaning references to gender; or

    **2.25.03** Makes repeated and unwelcomed sexually suggestive or derogatory comments about body or clothing, or obscene language or gestures.

**2.30 Non-Assaultive Sexual Activity:** An AIC commits Non-Assaultive Sexual Activity when that AIC solicits or engages in sexual activity and the sexual activity is conducted without violence, threat of violence, coercion, or use of a weapon.

**2.40 Hostage Taking:** An AIC commits Hostage Taking when that AIC seizes, holds, or otherwise significantly deprives the liberty of another person.

**2.45 Body Modification:** An AIC commits body modification when that AIC alters or allows any person to be altered by tattooing, piercing, puncturing, scarring, etc., including modifying or perpetuating any previous modification.

**3.0   Violations Involving Fraud or Deception**

**3.01 False Information to Employees I:** An AIC commits False Information to Employees I when that AIC presents or causes the presentation of false or misleading information to an employee or non-employee service provider that creates a threat to the safety, security, or orderly operation of a facility. False or misleading information shall include gestures, verbal, or written communications.

**3.02 False Information to Employees II (minor violation):** An AIC commits False Information to Employees II when that AIC presents or causes the presentation of false and misleading information to an employee or non-employee service provider. False or misleading information includes gestures, verbal, or written communications.

**3.05 Forgery:** An AIC commits Forgery when that AIC falsely makes, completes, alters, or presents a written instrument.

**3.10 Gambling:** An AIC commits Gambling when that AIC wagers anything of value in games of chance, possesses paraphernalia associated with gambling, or possesses the proceeds of gambling activity.

**3.15 Fraud:** An AIC commits fraud when that AIC deceives another person or business in order to obtain money, property, or something of value.

**4.0   Violations Against the Orderly Operation of the Department or a Facility**

**4.01 Disobedience of an Order I:** An AIC commits Disobedience of an Order I when that AIC overtly refuses to promptly or in a timely manner comply with a valid order, which creates a threat to the safety, security, or orderly operation of a facility.

**4.02 Disobedience of an Order II:** An AIC commits Disobedience of an Order II when that AIC fails to comply with a valid order, which creates a threat to the safety, security, or orderly operation of a facility.

**4.03 Disobedience of an Order III (minor violation):** An AIC commits Disobedience of an Order III when that AIC fails to comply with a valid order.

**4.04 Leave Violation:** An AIC commits a Leave Violation when that AIC:

    **4.04.01** Refuses or fails to follow a valid order or condition of Short-Term Transitional Leave.

    **4.04.02** Refuses or fails to follow a valid order or condition of Non-Prison Leave.

**4.05 Disturbance:** An AIC commits a Disturbance when that AIC advocates, incites, creates, engages in, maintains, or promotes a situation characterized by unruly, noisy, or violent conduct, or unauthorized group activity, which disrupts the orderly administration of or poses a direct threat to the security of a facility, facility programs, or the safety of an employee or another person.

**4.10 Distribution I:** An AIC commits Distribution I when that AIC: distributes or receives any controlled substance, intoxicant, drug paraphernalia, or money in the amount of $10 or more (not including money maintained by DOC in an AIC trust account); or

    possesses any controlled substance, intoxicant, drug paraphernalia, or money in the amount of $10 or more (not including money maintained by DOC in an AIC trust account), which have been packaged for distribution.

**4.11 Distribution II:** An AIC commits Distribution II when that AIC:

**4.11.01** Distributes or receives contraband that creates a threat to the safety, security, and orderly operation of a facility; or

    **4.11.02** Possesses contraband that has been packaged for distribution and that creates a threat to the safety, security, and orderly operation of a facility; or

    **4.11.03** Knowingly destroys evidence to interfere with an employee's ability to identify the contraband.

**4.15 Compromising an Employee:** An AIC commits Compromising an Employee when that AIC knowingly engages an employee, public safety officer, non-employee service provider, or any person involved in DOC programs or activities in a personal relationship or business transaction, excluding AICs or visitors approved under DOC visiting rules.

**4.20 Escape I:** An AIC commits Escape I when that AIC departs without authorization from:

    **4.20.01** Within the security perimeter of a facility; or

    **4.20.02** The immediate control of an employee or public safety officer while in secure physical custody and outside a secure facility perimeter; or

    **4.20.03** The immediate control of a secure cell or housing unit.

**4.21 Escape II:** An AIC commits Escape II when that AIC departs without authorization from:

    **4.21.01** The grounds of a facility without a secure perimeter; or

    **4.21.02** The direct supervision of personnel authorized to supervise AICs while outside a facility secure perimeter; or

    **4.21.03** Short-Term Transitional Leave or Non-Prison Leave and a warrant or an order to return the AIC has been issued.

**4.25 Possession of an Escape Device:** An AIC commits Possession of an Escape Device when that AIC possesses any item specifically designed for, physically altered for, or readily capable of being used to facilitate an escape from a facility or from custody.

**4.30 Possession of a Weapon:** An AIC commits Possession of a Weapon when that AIC possesses an instrument, article, or substance specifically designed for, physically altered for, or readily capable of causing death or serious physical injury to a person or animal.

**4.33 Possession of an Electronic Device:** An AIC commits Possession of an Electronic Device when that AIC possesses an unauthorized electronic communication device.

**4.35 Racketeering:** An AIC commits Racketeering when that AIC engages in illicit activity that is carried out for the purpose of personal or financial gain through unlawful acts.

**4.40 Unauthorized Area I:** An AIC commits Unauthorized Area I when that AIC fails to be present in any location designated by assignment, programmed activity, call out, or employee or non-employee service provider directive (or is in any location not designated by assignment, programmed activity, call out, or employee or non-employee service provider directive) that creates a threat to the safety, security, or orderly operation of a facility.

**4.41 Unauthorized Area II (minor violation):** An AIC commits Unauthorized Area II when that AIC fails to be present in any location designated by assignment, programmed activity, call out, or employee or non-employee service provider directive (or is in any location not designated by assignment, programmed activity, call out, or employee directive).

**4.45 Unauthorized Organization I:** An AIC commits Unauthorized Organization I when that AIC is part of a group of two or more persons (whether formal or informal), who collectively, or in concert, create or actively promote, recruit, participate in, or is involved in security threat activity.

**4.46 Unauthorized Organization II:** An AIC commits Unauthorized Organization II when that AIC:

**4.46.01** Supports, displays, or endorses through verbal, visual, or written acts or communication any club, association, or organization that is a security threat group; or

**4.46.02** Engages in a petition drive without specific authorization from the functional unit manager.

**Stat Auth: ORS 179.040, 421.068, 421.180, 423.020, 423.030 and 423.075**

**Stats Impl: ORS 179.040, 421.068, 421.180, 423.020, 423.030 and 423.075**

CD 295 (2/2020)

CD 295 (2/2020)

**GRIEVANCE FORM**

Grievance # _8378953_     Official Use Only          Resubmit

Name: _Smith      Ronnie      S._     SID# _8378953_     Cell/Block/Bunk # _D-226_
        Last        First        Initial

Whom are you grieving: _C/o Teal_

Please provide the date/time of incident giving rise to grievance: _11-12-20 on going_

List in detail all the reasons for your grievance. (What is the problem? When did it happen – date/time/place?) Attach copies of any documents or any material(s), which support your grievance, including the names of any persons you think should be questioned.

On 11-12-20, I was written up a misconduct Report which claimed I was making "Pruno" but in reality I was making a cleanser for my Body because I found out that I had COVID-19 officer Teal told me that he was going to test it when he put me in DSu office, when I was returned to my cell. I asked him if he tested it he said "yeah and it was good" when I went to my hearing they said "they never test the So called "Pruno". They have the resources to test for "ingredient" which was vinegar.

Describe what action you want taken to resolve the grievance. (How can the problem be solved?)

Test the Product which a Lab techivation can determine the "ingredients" Vinegar ferments to Vinegar Not "intoxicant" do not circumvent 1.10.03

_11-24-20_                              _Ronnie Smith_
Date                                   Signature

| Receiving Facility (If not processing facility) | Received at Processing Facility | Accepted/Denied/RFC | Accepted/Denied/RFC |
|---|---|---|---|
| | RECEIVED DEC 01 2020 OSP/MCCF GRIEVANCE OFFICE | DENIED DEC 09 2020 OSP/MCCF GRIEVANCE OFFICE | |
| Date Stamp | Date Stamp | Date Stamp | Date Stamp |

EXHIBIT I

Grievance #                    Official Use Only                    Resubmit

# GRIEVANCE FORM

Name: Smith       Ronnie                          2319953

    Last          First        Initial      SID#      Cell/Block/Bunk #

Whom are you grieving: Captain tooley Lt. McGrath

Please provide the date/time of incident giving rise to grievance: 11-11-20 ongoing

List in detail all the reasons for your grievance. (What is the problem? When did it happen – date/time/place?) Attach copies of any documents or any material(s), which support your grievance, including the names of any persons you think should be questioned.

I was sent to D-112 and was given a deprivation list which deprivation of the Menu which is a list of calorie count authorized by a Nutritianist so the Deprivation list is Depriving me of the Nutrition count that I need per Day - Anything in Containers they do not give me including MILK - SOUP - Peanut butter and Fruit. This violates my 14th Amendment Equal Priviledge because they supplement calories for calories such as a veggie tray as an alternative to a regular Tray. This is an 8th Amendment violation cruel and unusally punishment. The cells and the unit is unsanitary - Conditions of confinment

Describe what action you want taken to resolve the grievance. (How can the problem be solved?)

Supplement the calorie count with equaliviadent CARIOES that others who are similiarly situated.

1-22-20                                    Bruce Smith
Date                                       Signature

| Receiving Facility (If not processing facility) | Received at Processing Facility | Accepted/Denied/RFC | Accepted/Denied/RFC |
|---|---|---|---|
| | RECEIVED DEC 01 2020 OSP/MCCF GRIEVANCE OFFICE | Returned For Correction DEC 09 2020 OSP/MCCF GRIEVANCE OFFICE | |
| Date Stamp | Date Stamp | Date Stamp | Date Stamp |

For grievance information see back page. Distribution: White (Original grievance for our Canary (Inmate receipt after processed)    CD 117 (10/2019)

Exhibit A2

**GRIEVANCE INFORMATION**
(OAR Division 109 may be reviewed in its entirety in your legal library)

**291-109-0205 - Grievance and Appeal Timelines**

(1) Grievances must be received by the institution grievance coordinator or designee within 14 calendar days from the date of the incident or issue being grieved, unless the AIC can satisfactorily demonstrate why the grievance could not be timely filed. Untimely grievances will be denied and returned to the AIC with a statement of the rule.

(2) A grievance response will be sent to the AIC within 35 calendar days from the date the grievance was accepted by the institution grievance coordinator, unless further review is necessary to fully respond to the AIC's grievance, in which case the AIC will be notified that the department will respond within an additional 14 calendar days.

**291-109-0210 - Permissible Grievance Issues**

(1) An AIC may only request review of one matter, action, or incident per grievance.
(a) If multiple staff or functional units are involved in a single incident, each should be included in a single grievance and one grievance response will be prepared from the most appropriate individual at the discretion of the institution grievance coordinator.

(3) An AIC may file a single grievance concerning any incident or issue regarding institutional life that directly and personally affects that AIC, including but not limited to:
(a) Misapplication of departmental policies, rules, or other directives;
(b) Unprofessional actions of department employees, volunteers, or contractors;
(c) Inadequate medical or mental health treatment;
(d) Sexual abuse or sexual harassment; and
(e) Excessive use of force by department employees.

(4) An AIC cannot grieve the following:
(a) Any matter that does not directly and personally affect the AIC;
(b) Any matter in which the AIC lacks personal knowledge of the incident or issue;
(c) Any matter that is outside of the jurisdiction of the department (for example, actions by the Board of Parole and Post-Prison Supervision);
(d) Any matter that may be reviewed through a separate review process under the Department's rules. Examples include, but are not limited to, the review processes set out in the following Department rules: (See rule 109 for details)
(e) Daily fails as defined in the DOC rule on Performance Recognition and Award System - (OAR 291-077-0033);
(f) Conduct orders, investigations leading to a conduct order, or conduct order sanction(s);
(g) Misconduct reports, investigations leading to or arising from misconduct reports, or disciplinary hearings, findings, and sanctions;
(h) Claims or issues the AIC has pursued or is pursuing in pending litigation in state or federal courts;
(i) Group grievances representing other AICs, or acts where an AIC is a spokesperson for other AICs; and
(j) The processing of or response to grievances, grievance appeals, discrimination complaints, discrimination complaint appeals or other separate review processes.

**291-109-0225 - Grievance and Grievance Appeals General Processing Standards**

(1) The institution grievance coordinator shall date stamp the grievance form or appeal upon receipt. After the form has been date stamped and recorded, the AIC will be issued a return receipt, and if accepted, the grievance or grievance appeal will be forwarded to the appropriate staff or manager for review and response.

(2) Grievances and grievance appeals returned for correction:
(a) An AIC may elect to resubmit a grievance or grievance appeal that has been returned for correction to the AIC because it does not comply with these rules.
(b) The grievance or grievance appeal may only be resubmitted twice and must be received by the institution grievance coordinator within 14 calendar days from when the grievance or grievance appeal was originally returned to the AIC.
(c) If rewritten, the return receipt and original grievance or grievance appeal must also be attached.

(4) An AIC may withdraw a grievance by submitting a written request to the institution grievance coordinator at any time during the grievance process. Grievances that have been withdrawn may only be reopened upon written request, at the discretion of the institution grievance coordinator.

# OREGON DEPARTMENT OF CORRECTIONS
## MISCONDUCT REPORT

CASE # _____

Name: ___Smith, Ronnie_____ SID # 8378953 _____ Housing: E-283a ___ Assignment:_____
   (Last,       First,       MI)

ODOC Facility: Oregon State Penitentiary ___ Location of Violation: E-283 _____ Date: 3-31-21 _____ Time: 6:30pm

### Charge(s) WRITE IN THE APPRORIATE RULE(S)

| 1.10 | Contraband I | Major | | | |
|------|--------------|-------|------|------|------|
| Rule # | Title of Rule | Major/Minor | Rule # | Title of Rule | Major/Minor |
| | | | | | |
| Rule # | Title of Rule | Major/Minor | Rule # | Title of Rule | Major/Minor |
| | | | | | |
| Rule # | Title of Rule | Major/Minor | Rule # | Title of Rule | Major/Minor |

Description of violation (explain how you discovered/learned the facts and who, what, when, where, and how. Use continuation sheet if needed.):

On March 31st, 2021 I, Officer Z. Basaraba, was assigned to E Block 2 Bar. When I walked the high side of my tier I noticed a pungent odor coming from E-283, which housed Adult-in-Custody Smith, Ronnie SID #8378953 as its sole occupant. I found this to be suspicious, as on more than one occasion I have spoken with AIC Smith about his cell smelling of alcohol.

At approximately 6:30pm I told AIC Smith to go to the Control Floor Waiting Room and commenced a cell search of E-283. In the corner of the cell behind the bottom bunk, I found a large plastic bag containing approximately 6 to 8 gallons of an orange-pink liquid. When opened, the bag released pressure, the liquid slightly bubbled and gave off an odor of rubbing alcohol. Contained in the liquid were many chucks of what appeared to be tomatoes and oranges. In my correctional experience this was prison made alcohol.

AIC Smith was then placed in restraints and sent to segregation. This behavior creates a threat to the safety and security to the normal operations of the institution.

END OF REPORT.

Disposition of Physical Evidence: Photos taken, liquid disposed of. _____
Staff Witnesses: _____
Immediate Action Taken: _Taken to Segregation, Misconduct Report Submitted_____
Submitted by: Z Basaraba _____ CO _____ Time: 09:00 __ am/pm Date: 3/31/2021
              Printed Name and Signature        Title

Reviewing Supervisor: ___C Dorden_____ Capt _____ Time: 9 00 am/pm Date: 3/31/2021
              Printed Name and Signature       Title

************************PLACED IN HOLDING STATUS************************

As officer-in-charge, I have reviewed the foregoing Misconduct Report and find that the rule violation(s) is/are of such a serious nature that the good order and security of the facility require immediate removal of the inmate and placement in segregation status because:
_This inmate engaged in an activity that challenges the rules of the institution. He is placed in segregation for restricted confinement because he is a direct threat to the staff and inmates._____
Placed in Segregation by: C Dorden_____ Capt _____ Time: 900 ___ am/pm Date: 3/31/201
              Printed Name and Signature       Title

Pre Hearing Segregation Approved:_____ Denied:_____ Release Ordered:_____
                                 Signature      Title            Date

Inmate Copy Delivered by: S. Harman _____ Sgt _____ 0800 __ 4-1-21
              Printed Name and Signature       Title               Time/Date Served
                                                                          CD 293D (11/95)

Exhibit B

## OREGON DEPARTMENT OF CORRECTIONS
## MISCONDUCT REPORT

CASE # _____

Name: Smith Ronnie, Scott     SID# 8378953     Housing: E-475     Assignment: Work Pool
    (Last    First,    MI)

ODOC Facility: OSP     Location of Violation: E-475     Date: 7/2/20     Time: 2:00pm

### Charge(s) SELECT THE APPROPRIATE RULES(S)

| 1.10 | Contraband I | (Major) | | Select One | |
|------|--------------|---------|--|-----------|--|
| Rule# | Title of Rule | | | Rule# | Title of Rule |
| 4.10 | Distribution I | (Major) | | Select One | |
| Rule# | Title of Rule | | | Rule# | Title of Rule |
| 4.01 | Disobedience of an Order I | (Major) | | Select One | |
| Rule# | Title of Rule | | | Rule# | Title of Rule |

Description of Violation (Explain how you discovered/learned the facts and who, what when, where, and how. Use continuation sheet if needed.):

On July 2nd, 2021, I Ofc. M. Grigoryev was on my assigned post as back floor Officer on the Control Floor. At 2:00pm I was tasked by the OIC to assist in the property pick up of cell E-475. During this task, I discovered a tupperware container of Pruno. Pruno is a AIC manufactured beverage contaning alcohol using fruit, sugar, and yeast. Next to the container I discovered a plastic bag containing six whole apples. Continuing the packing proccess, I then discovered six soda bottles filled with the same substance located under the cell stool near the toilet. Further into my search, I discovered a paper bag, within it a plastic bag filled with sugar and yeast. After documenting, and photographing my findings, I proceeded to dispose of the liquids in the bottles. Upon opening each container, all six bottles made a distinct hissing sound, and gave off a scent of fermented fruit. All evidence was photgraphed and then disposed of.

Disposition of Physical Evidence: Pruno and related items were photographed.

Staff Witnesses: None

Immediate Action Taken: AIC was already in DSU. Misconduct report written.

Submitted by: Ofc. M. Grigoryev     Officer     Time: 5:00PM     Date: 7/2/20
    Printed Name and Signature    Title

Reviewing Supervisor: Lt. S. Brown     OIC III     Time: 5:00PM     Date: 7/2/20
    Printed Name and Signature    Title

**************************PLACED IN HOLDING STATUS*************************

As Officer-in-Charge, I have reviewed the foregoing Misconduct Report and find that the rule violation(s) is/are of such a serious nature that the good order and security of the facility require immediate removal of the inmate and placement in segregation status because: his actions are unsafe.

Placed in Segregation by: Capt. R. Adamson     Grp. Living     Time: 11:00AM     Date: 7/2/20
    Printed Name and Signature    Title

Prehearing Segregation   Approved: ☐   Denied: ☐   Release Ordered: _____

Copy Delivered by: S. Harman     Signature     Sgt     0600     7-3-21     Title   Time/Date
    Printed Name and Signature    Title    Time/Date     CD 293D(02/2021)

Page 1

EXHIBIT C

DS-147

## OREGON DEPARTMENT OF CORRECTIONS
## MISCONDUCT REPORT

CASE # _____

Name: **Smith, Ronnie**    SID# **8378953**    Housing: **DS-243**    Assignment: _____

   (Last     First,     MI)

ODOC Facility: **OSP**    Location of Violation: **In Cell**    Date: **9/16/21**    Time: **7:40am**

### Charge(s) SELECT THE APPROPRIATE RULES(S)

| 1.10 | Contraband I | (Major) | ▼ | Select One | ▼ |
|------|--------------|---------|---|------------|---|
| Rule# | Title of Rule | | | Rule# | Title of Rule |
| 4.10 | Distribution I | (Major) | ▼ | Select One | ▼ |
| Rule# | Title of Rule | | | Rule# | Title of Rule |
| Select One | | | | Select One | |
| Rule# | Title of Rule | | | Rule# | Title of Rule |

Description of Violation (Explain how you discovered/learned the facts and who, what when, where, and how. Use continuation sheet if needed.):

On 9/16/21, I, Officer Engle was working my assigned post of Disciplinary Segregation Unit (DSU) 2 Officer. At approimxately 7: 40am I was walking the nurse through Section 3 of Seg 2. While walking the nurse I saw that cell 243, which currently houses AIC Smith, Ronnie SID# (8378953) was open. I decided that since the cell was open and empty at the time I would conduct a quick routine cell serach. When I stepped into the cell I noticed a grey tote next to the toilet. Upon searching the tote I discovered a large plastic bag inside of it filled with approximately 5 gallons of liquid. The liquid was red in color, had small chunks of fruit floating in it, and had an overwhelming sour, fermented smell to it consistent with prison made alochol (Pruno). (See attached photos) I immediately confiscated the tote and brought it off the tier to document and dispose of.

By possessing Pruno, which is an intoxicant, AIC Smith committed Contrabnd I. Due to the amount of Pruno in AIC Smith's cell, it could easily have been used to distribute to other AICs in the unit. Therefore AIC Smith is in violation Distribution I.

Disposition of Physical Evidence: **Photos taken. Pruno disposed of.**

Staff Witnesses: **Officer Burghardt**

Immediate Action Taken: _____

Submitted by: **K. Engle**    **Officer**    Time: **8:20 AM**    Date: **9/16/21**
    Printed Name and Signature         Title

Reviewing Supervisor: **H.C. Porter**    **8MH 0IC II**    Time: **11:3lam**    Date: **9/16/21**
    Printed Name and Signature         Title

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*PLACED IN HOLDING STATUS\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

As Officer-in-Charge, I have reviewed the foregoing Misconduct Report and find that the rule violation(s) is/are of such a serious nature that the good order and security of the facility require immediate removal of the inmate and placement in segregation status because:

Placed in Segregation by: _____    Time: _____    Date: _____
    Printed Name and Signature         Title

Prehearing Segregation    Approved: ☐    Denied: ☐    Release Ordered: _____
                                 Signature           Title    Time/Date

Copy Delivered by: **Sgt. M. Vetter**    **1201 pm**    **9-16-21**
    Printed Name and Signature         Title         Time/Date    CD 293D(02/2021)

EXHIBIT D

SG140

Oregon Department of Corrections

## Disciplinary Hearing

## Finding of Fact, Conclusion, and Order

| | | | |
|---|---|---|---|
| **Offender Name:** | Smith, Ronnie Scott | **Case #:** | 2204 OSP 0126 OSP 35 |
| **SID:** | 8378953 | **Date(s) of Hearing:** | 05/05/2022 |

**Rules Charged**

    1.10  -  Contraband I

**Plea**

    None

### Procedural Points

Documentation provided at the hearing indicated that the Adult in Custody (AIC) had been given a copy of the Misconduct Report, Notice of Hearing/ Rights and the Rules of Prohibited Conduct.

Per written testimony from staff, the AIC declined to attend the hearing and, as such, waived the right to be present at the hearing.

All relevant documentary evidence was considered by the Hearings Officer.

### Finding of Fact

On April 28, 2022, Sergeant Dudley was working as the Special Management Housing (SMH) Building Sergeant at the Oregon State Penitentiary. Sergeant Dudley reports immediately when entering Cell SG-140, solely housing Adult in Custody (AIC) Smith, Ronnie (8378953), smelling the strong pungent aroma of fermented fruit. Sergeant Dudley reports seeing spills of liquid on the floor near the toilet and pieces of orange sediment on the rim of the toilet. Sergeant Dudley found a white washcloth on the sink that was covered in orange sediment. Sergeant Dudley reports finding two white Osmotic Laxative containers in the corner of the cell. One container was empty with orange sediment pieces still in the container and the other container was filled with an orange liquid that smelled of fermented fruit. Sergeant Dudley reports the liquid found was "Pruno", a prison made alcoholic beverage.

Photographs of the containers and "Pruno" found were provided for the hearing.

AIC Smith declined to be present for this hearing.

### Ultimate Findings of Fact and Conclusions

AIC possessed any intoxicant or was intoxicated, thereby, violating Rule 1.10.01, Contraband I.

### Preliminary Order

AIC has had 7 major rule violation(s) in the past two years. Rule 1.10.01, Contraband I, is on Level 2 of the Major Violation Grid.

| Rule | Charge | | | | | | |
|---|---|---|---|---|---|---|---|
| Contraband I | Violation | | | | | | |
| **Sanctions** | **Begin Date** | **End Date** | **Days** | **Amount** | **Suspended Thru** | | **Notes** |
| Confiscate Contraband | | | 0 | | | | pruno |

**Confidentiality Notice:** This document contains information belonging to the Department of Corrections. This information may be confidential, restricted, and/or legally privileged, and is intended for appropriate and approved use under existing department rules, regulations, confidentiality and security agreements. If you have received this document in error, please notify DOC immediately, keep the contents confidential, and promptly destroy the information and/or delete the document information from your computer system.

EXHIBIT E

Oregon Department of Corrections
# Disciplinary Hearing
## Finding of Fact, Conclusion, and Order

| **Offender Name:** | Smith, Ronnie Scott | **Case #:** | 2204 OSP 0126 OSP 35 |
|---|---|---|---|
| **SID:** | 8378953 | **Date(s) of Hearing:** | 05/05/2022 |

| **Rule** | **Charge** |
|---|---|
| Contraband I | Violation |

| Sanctions | Begin Date | End Date | Days | Amount | Suspended Thru | Notes |
|---|---|---|---|---|---|---|
| Disciplinary Segregation | 5/4/2022 | 7/2/2022 | 60 | | | credit for time served, consecutive to other segregation sanctions (126 days total) |
| Fine | | | | $100.00 | | |
| Loss of privileges | 5/5/2022 | 6/1/2022 | 28 | | | Loss of privileges in segregation |

| | | | |
|---|---|---|---|
| **Hearing Officer:** | Foss, Ronnie L | **Date:** | 05/05/2022 |
| **Functional Unit Manager:** | | **Date:** | 5-12-22 |

**Final Order:**  ☑ Approved    ☐ Order Hearing Reopened    ☐ Amended per below

_____

_____

_____

**Confidentiality Notice:** This document contains information belonging to the Department of Corrections. This information may be confidential, restricted, and/or legally privileged, and is intended for appropriate and approved use under existing department rules, regulations, confidentiality and security agreements. If you have received this document in error, please notify DOC immediately, keep the contents confidential, and promptly destroy the information and/or delete the document information from your computer system.

# Oregon

Kate Brown, Governor

**Oregon Department of Corrections**
Office of the Inspector General
3601 State St
Salem, OR 97301
Voice: 503-945-0988
Fax: 503-373-7092



October 17, 2022

Ronnie Smith SID# 8378953
Oregon State Penitentiary
2605 State St
Salem, OR 97310-0505

Dear Ronnie Smith:

This will acknowledge receipt of your communication in which you requested an administrative review of your formal hearing regarding case number: **2204 OSP 0126 OSP 35.**

The above mentioned case was reviewed in accordance with the provisions outlined in the Department of Corrections rule governing Prohibited Conduct (OAR 291-105). The review indicates there was substantial compliance with the rule, the finding was based upon a preponderance of the evidence and the sanction imposed was in accordance with the provisions set forth in the rule. Refer to OAR 291-105-0085(3)(4).

Sincerely,

Jeremy Nofziger
Assistant Inspector General

cc: Hearings Officer
    File

EXHIBIT E

*56129*

Oregon Department of Corrections

## Disciplinary Hearing

Finding of Fact, Conclusion, and Order

| | | | |
|---|---|---|---|
| **Offender Name:** | Smith, Ronnie Scott | **Case #:** | 2208 OSP 0104 OSP 39 |
| **SID:** | 8378953 | **Date(s) of Hearing:** | 08/30/2022 |

**Rules Charged**

    1.10  -  Contraband I

**Plea**

Deny

SEP 0 6 2022

### Procedural Points

Adult in Custody (AIC) received a copy of the Misconduct Report, Notice of Hearing, Notice of Rights in a Hearing and Rules of Prohibited Conduct. The AIC acknowledged understanding the Misconduct Report and Rights in a Hearing.

All relevant documentary evidence was considered by the Hearings Officer.

### Finding of Fact

On August 20, 2022, at approximately 5:50pm, Sergeant C. Dummett was working in D-Block at the Oregon State Penitentiary. Sergeant Dummett reported conducting a search of cell D-201, solely assigned to Adult in Custody (AIC) Smith, Ronnie (8378953). During the course of the search, Sergeant Dummett reported discovering two large plastic garbage bags, as well as a soda bottle, containing a red liquid with pieces of fermenting fruit floating inside of it. Sergeant Dummett reported identifying the liquid as prison-made alcohol, commonly referred to as "Pruno". Sergeant Dummett reported informing AIC Smith of the discovery, to which AIC Smith said, "It is only Kool Aid. Have it tested." Sergeant Dummett reported AIC Smith was placed in restraints and escorted to the Disciplinary Segregation Unit.

Prior to the hearing, AIC Smith requested the Substances of Abuse Officer be called as a witness. The questions sought to be posed to the requested witnesses would not assist in the resolution of this proceeding. The information sought to be gathered would not constitute a defense nor substantially mitigate the alleged rule violations. This request was denied.

During the hearing, AIC Smith claimed the liquid discovered was a "cleanser" AIC Smith made to combat the Covid-19 virus. AIC Smith requested the liquid, disposed of prior to the hearing, be sent to a laboratory for testing to determine if it contained alcohol.

### Ultimate Findings of Fact and Conclusions

AIC possessed any intoxicant or was intoxicated, thereby, violating Rule 1.10.01, Contraband I.

### Preliminary Order

AIC has had 8 major rule violation(s) in the past two years. Rule 1.10.01, Contraband I, is on Level 2 of the Major Violation Grid.

---

**Confidentiality Notice:** This document contains information belonging to the Department of Corrections. This information may be confidential, restricted, and/or legally privileged, and is intended for appropriate and approved use under existing department rules, regulations, confidentiality and security agreements. If you have received this document in error, please notify DOC immediately, keep the contents confidential, and promptly destroy the information and/or delete the document information from your computer system.

EXhibit E

Oregon Department of Corrections
# Disciplinary Hearing
Finding of Fact, Conclusion, and Order

| | | | | | | |
|---|---|---|---|---|---|---|
| **Offender Name:** | Smith, Ronnie Scott | | **Case #:** | | 2208 OSP 0104 OSP 39 | |
| **SID:** | 8378953 | | **Date(s) of Hearing:** | | 08/30/2022 | |

| Rule | Charge |
|---|---|
| Contraband I | Violation |

| Sanctions | Begin Date | End Date | Days | Amount | Suspended Thru | Notes |
|---|---|---|---|---|---|---|
| Disciplinary Segregation | 8/20/2022 | 10/3/2022 | 45 | | | credit for time served |
| Fine | | | | $50.00 | | |
| Loss of privileges | | | 14 | | | upon release from segregation |

| | | | | | |
|---|---|---|---|---|---|
| Hearing Officer: | Stephens, Matt L | *[signature]* | Date: | 08/30/2022 9/1/22 | |
| Functional Unit Manager: | *Corey [signature]* | | Date: | 9-6-22 | |
| Final Order: | ☑ Approved | ☐ Order Hearing Reopened | | ☐ Amended per below | |

_____

_____

**Confidentiality Notice:** This document contains information belonging to the Department of Corrections. This information may be confidential, restricted, and/or legally privileged, and is intended for appropriate and approved use under existing department rules, regulations, confidentiality and security agreements. If you have received this document in error, please notify DOC immediately, keep the contents confidential, and promptly destroy the information and/or delete the document information from your computer system.

**OREGON DEPARTMENT OF CORRECTIONS**

**AIC COMMUNICATION FORM**

TO: _SIU_    Date: _October 2, 2022_

State your issue in detail: _I need an answer to my Kite that I had written concerning the Liquid substance that they call "Pruno" because I make a cleanser juice which does not turn into an "intoxicant" according to Rule 1.10.01. Based on that and the evidence of my U.A. history as well as the toxins from the COVID-19 pandemic this is the reason for the cleanser juice and my history of when I started making it during the pandemic not before. How's come u don't test the product in accordance with Rule 1.10.03 Departments "authorize screening process"? In accordance with the OAR 7 day answer_

| AIC Committed Name (first middle last) | SID# | Housing Unit |
|---|---|---|
| Ronnie Smith | 8378953 | Sx-129 |

Response/Action Taken: _~ (Please See the response I sent 9-29-2022_

_We will not be doing further testing. I'd suggest you not alter ingredients to make a contraband item again. Despite your intent, it is contraband and deemed unauthorized._

Date Received: _____

Referred To*: _____

Date Answered: _10-4-2022_    Signature of Staff Member: _____ SIU

*If forwarded, please notify the AIC

EXHIBIT E

CD 214 (02/2020)

# OREGON DEPARTMENT OF CORRECTIONS
## AIC COMMUNICATION FORM

INSTITUTION:  _OSP_

**FROM**

AIC NAME:  _Ronnie Smith_

SID #:  _8378953_

UNIT/BUNK:  _SG-129_

ADDRESS:  _____

Received

OCT  4  2022

Inspector General

**TO**

NAME:  _____

TITLE:  _SIU_

ADDRESS:  _____

------------------------------------------------------------------------------

(Fold Here)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RONNIE SMITH,                                    Case No. 3:22-cv-01504-SB

              Plaintiff,                **NOTICE OF LAWSUIT AND REQUEST**
                                             **FOR WAIVER OF SERVICE**

    v.

OREGON DEPARTMENT OF
CORRECTIONS *et al.*,

              Defendants.
_____

**TO:    NATHAN K. RIEMERSMA**
        **ASSISTANT ATTORNEY GENERAL**
        **DEPARTMENT OF JUSTICE**
        **1162 COURT STREET NE**
        **SALEM, OREGON 97301-4096**

        Plaintiff, an individual in custody at the time of filing, proceeding *pro se* and *in forma pauperis*, has commenced a lawsuit against the following individuals whom the Court believes you represent: Brandon Kelly, Colette Peters, Rob Persson, Mike Gower, C/O Martin, C/O Blanco, Lt. McGarth, Sgt. Rodriguez, Sgt. Livingston, C/O Stairs, C/O Ruby, C/O Dobson, C/O Hannon, and Grievance Coordinator Kidwell. A copy of the Complaint is attached to this Notice. This Court concludes that Plaintiff has a reasonable opportunity to prevail on one or more claims and Defendants must therefore file an Answer or other responsive pleading. *See* 42 U.S.C. § 1997e(g)(2).

1 – NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE

Exhibit G

This is not a formal summons. It is a request that, to avoid expenses, you waive service of a summons on behalf of Defendants by signing and returning the attached Waiver. To avoid these expenses, you must return the signed Waiver within thirty days from the date shown below.

If Defendants waive service, this action will proceed as if Defendants were served on the date the Waiver is filed, but no summons will be served on Defendants. Because the Court seeks to expedite the resolution of prisoner cases, execution of a waiver form does *not* increase the time in which Defendants must file an answer or responsive pleading. *See* Fed. R. Civ. P. 12(a)(1)(A).

If you do not wish to waive service on behalf of any or all of the Defendants, please indicate this on the waiver form. The Court will, in turn, order the U.S. Marshals Service to serve the Complaint on the appropriate Defendants.

**IT IS SO ORDERED.**

DATED this 21st day of October, 2022.

_Stacie F. Beckerman_

HON. STACIE F. BECKERMAN
United States Magistrate Judge

2 - NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE